UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY L. STATTON,

     Petitioner,

v.                                                                    Case No. 8:05-cv-818-T-17MAP

JAMES R. MCDONOUGH[1],

     Respondent.

_____/

## ORDER

     This cause is before the court upon Petitioner Terry L. Statton's ("Statton")
Amended Petition[2] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.   Statton
challenges his 2001 convictions entered by the Sixth Judicial Circuit Court, Pinellas County,
Florida. (Dkt. 5).  Respondent has filed a response to the petition (Dkt. 24) and Statton has
filed a reply thereto (Dkt. 31).

### Background

     Statton was charged by Information in six cases: CRC 97-20934 CFANO, CRC 97-
11414 CFANO, CRC96-08430 CFANO, CRC 96-08433 CFANO, CRC 96-02326 CFANO,

---

[1] In his petition, Statton names James V. Crosby, Jr., former Secretary of the Department of
Corrections, as the party respondent in this case.  As of the date of this order, James R. McDonough is the
Secretary of the Department of Corrections.  Accordingly, pursuant to Rule 25 of the Federal Rules of Civil
Procedure and Rule 2 of the Rules Governing Section 2254 Cases, the Court will substitute McDonough as
Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases (2006).

[2] Statton's original § 2254 petition was received by the Court on April 29, 2005. (Dkt. 1).  By order
entered on May 23, 2005, the Court directed Statton to file an amended petition containing a brief statement
of facts supporting his claims.  (Dkt. 4).  On June 3, 2005, the Court received Statton's amended petition.
(Dkt. 5).  The amended petition is the operative petition now before the Court for review.

and CRC 95-21142 CFANO, with violations of the Florida racketeering statute, sale of securities by an unregistered dealer, conducting an unlawful transaction, non-registration of securities, exploitation of an elderly or disabled adult and unlawful sale of insurance. (Dkt. 21, Ex. 1, Vol. 1, pp. 74-76, 180-82; Vol. 2, pp. 340-42; Vol. 3, pp. 402-03, 418-31; Vol. 5, pp. 760-78).[3] Represented by counsel[4], Statton proceeded to jury trial on July 10, 2000. On the third day of trial, July 12, 2000, Statton entered into plea negotiations with the State and ultimately entered a change of plea from not guilty to guilty on various charges in each case.[5] (Dkt. 21, Ex. 1, Vol. 2, pp. 267-68).

Prior to sentencing, Statton filed a *pro se* motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f). Statton was represented on the motion to

---

[3] Respondent has filed with its response the record on direct appeal from the state district court of appeal. (Dkt. 21, Ex. 1, Vols. 1-17). The page numbers of references in this exhibit are designated by the page numbers located in the bottom center of the page.

[4] Statton was originally represented by attorney Jack Helinger. Prior to trial, Helinger moved to withdraw as counsel and the state trial court granted the motion. (Dkt. 21, Ex. 1, Vol. 1, p. 89). Thereafter, attorney Joseph McDermott entered an appearance on behalf of Statton. (Dkt. 21, Ex. 1, Vol. 1, p. 93). Joseph McDermott was assisted in representing Statton by his son, attorney Frank McDermott. (Dkt. 21, Ex. 1, Vol. 17, p. 2145).

[5] In Case No. CRC96-08433, Statton was charged in a two count Amended Felony Information with two counts of exploitation of the elderly. Count 2 of the Amended Information was dismissed by the State. (Dkt. 21, Ex. 1, Vol. 3, 402-03). In Case No. CRC95-21142, Statton was charged in a six count Amended Felony Information with four counts of exploitation of an elderly or disabled adult (Counts 1-4) and two counts of grand theft (Counts 4 and 5). Statton pled guilty to Counts 1, 3, 5, and 6. Counts 2 and 4 were dismissed by the State. (Dkt. 21, Ex. 1, Vol. 1, pp. 74-76). In case No. CRC96-02326, Statton was charged in a three count Second Amended Felony Information with six counts of exploitation of an elderly or disabled adult. He pled guilty to Counts 1, 3 and 5. Counts 2, 4 and 6 were dismissed by the State. (Dkt. 21, Ex. 1, Vol. 2, pp. 233-35). In Case No. CRC96-08430, Statton was charged in an Amended Felony Information with four counts of exploitation of an elderly or disabled adult. He pled guilty to Counts 1 and 3. Counts 2 and 4 were dismissed by the State. (Dkt. 21, Ex. 1, Vol. 2, pp. 340-42). In Case No. CRC97-20934, Statton was charged in a nineteen count Fourth Amended Felony Information with one count (Count 1) of violation of the Florida Racketeer Influenced and Corrupt Organization Act, one count of organized scheme to defraud (Count 2), four counts of sale of securities by an unregistered dealer (Counts 3-6), four counts of non-registration of securities (Counts 7-10), and nine counts of conducting an unlawful transaction (Counts 11-19). (Dkt. 21, Ex. 1, Vol. 5, pp. 760-778). In Case No. CRC97-011414, Statton was charged in an Amended Felony Information with twenty-five counts of unlawful sale of insurance (Counts 1-25). (Dkt. 21, Ex. 1, Vol. 4, pp. 577-90).

withdraw plea by attorney Steve Bartlett ("Bartlett") and an evidentiary hearing on the motion to withdraw the plea was held on January 26, 2001. (Dkt. 21 Ex. 1, Vols. 15-17). On March 8, 2001, Statton, through counsel, filed an amended motion to withdraw his plea. (Dkt. 21, Ex. 1, Vol. 1, pp. 155-58). Shortly thereafter, counsel also filed a petition for writ of habeas corpus in the state district court of appeal challenging Statton's presentence confinement. (Dkt. 28, Ex. 2). On March 19, 2001, in Case No. 2D01-901, the state district court of appeal denied the petition without prejudice to renew the petition following a decision on Statton's motion to withdraw his plea. (Dkt. 28, Ex. 5). *See Statton v. Laughlin*, 785 So.2d 489 (Fla. 2d DCA 2001) [Table]. Following additional evidentiary proceedings, the state trial court denied Statton's amended motion to withdraw his plea on April 5, 2001. (Dkt. 21, Ex. 1, Vol. 17, p. 2259). On April 11, 2001, the state trial court sentenced Statton to an aggregate term of imprisonment of eight years on the remaining charges pursuant to the plea negotiations[6] as accepted by the state trial court.[7]

On April 24, 2001, Statton, through counsel, filed a notice of appeal challenging the denial of his motion to withdraw his plea, the judgment and sentence. (Dkt. 28, Ex. 7). On November 14, 2003, in Case No. 2D01-2012, the state district court of appeal per curiam

---

[6] The plea negotiations called for a term of imprisonment of eight years on each of the first degree felony counts and a term of imprisonment of five years on each of the third degree felonies to run concurrently to the sentences imposed on the first degree felonies, as well as restitution in an amount not to exceed $909, 812. (Dkt. 21, Ex. 1, Vol. 1, p. 115).

[7] Statton was sentenced on the remaining counts as follows: As to Case No. CRC97-11414, Counts 1-25, Statton was sentenced to five years imprisonment on each count. As to Case No. CRC96-02326, he was sentenced to eight years imprisonment on Count 1 and five years imprisonment each on Counts 3 through 5. As to Case No. CRC96-08430, Statton was sentenced to five years imprisonment on Counts 1 and 3. As to Case No. CRC95-21142, Statton was sentenced to five years imprisonment on Counts 1, 3, 5 and 6. As to Case No. CRC96-08433, Statton was sentenced to five years imprisonment on Count 1. As to Case No. CRC97-20934, Statton was sentenced to eight years imprisonment on Counts 1, 2, and 11-19, and to five years imprisonment on Counts 3-10. All terms of imprisonment were to run concurrently. (Dkt. 21, Ex. 1, Vol. 17, pp. 2266-2289).

affirmed the denial of the motion to withdraw plea and Statton's convictions and sentences. (Dkt. 28, Ex. 49).  *See Statton v. State*, 869 So.2d 557 (Fla. 2d DCA 2003) [Table]. Statton filed a motion for rehearing which was denied by the state district court of appeal on December 19, 2003. (Dkt. 28, Ex. 50).  The mandate issued on February 3, 2004. (Dkt. 28, Ex. 51).  Statton did not file a petition for writ of certiorari in the United States Supreme Court. (Dkt. 5, p. 3).

On November 20, 2003,[8] Statton, *pro se*, signed his petition for writ of habeas corpus. (Dkt. 28, Ex. 53).  He then filed a supplement and amendment to the pending petition on December 2, 2003. (Dkt. 28, Exs. 55, 56).  By order entered on January 8, 2004, the state district court of appeal stated that Statton's petition for writ of habeas corpus was being treated as a petition alleging ineffective assistance of appellate counsel. (Dkt. 28, Ex. 56).  On August 9, 2004, in case No. 2D03-5366, the state district court of appeal denied the petition. (Dkt. 28, Ex. 61).

On April 6, 2004, Statton signed his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and  accompanying memorandum of law. (Dkt. 28, Ex. 63).  He subsequently filed two supplements dated April 15, 2004, and May 5, 2004, respectively. (Dkt. 28, Exs. 64, 65).  By order rendered on July 21, 2004, the state trial court denied Statton's Rule 3.850 motion and attendant supplements. (Dkt. 28, Ex. 66). Statton subsequently filed another supplement on July 22, 2004 (Dkt. 28, Ex. 67) which

---

[8] For purposes of calculating the limitations period under the AEDPA, the Court will give Statton the benefit of the "mailbox rule" and consider his § 2254 petition and documents related thereto as "filed"on the date Statton signed and delivered them to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The Court will also give Statton the benefit of this rule with respect to his state court filings when calculating the limitations period under § 2244(d).

was denied by the state trial court by order rendered on September 2, 2004. (Dkt. 28, Ex. 68). Statton appealed this denial to the state district court of appeal which per curiam affirmed the denial of the Rule 3.850 motion on April 13, 2005. (Dkt. 28, Ex. 73). *See Statton v. State*, 902 So.2d 159 (Fla. 2d DCA 2005) [Table]. The mandate issued on May 11, 2005. (Dkt. 28, Ex. 74).

On August 19, 2004, Statton filed another petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Dkt. 28, Ex. 76). Following the State's response, the state trial court, in Case No. 2D04-3885, denied the petition on November 4, 2004. (Dkt. 28, Ex. 82).

On October 3, 2004, Statton signed his motion to correct an illegal sentence brought pursuant to Florida Rule of Criminal Procedure 3.800(a). (Dkt. 28, Ex. 94). He subsequently filed four supplements to the motion. (Dkt. 28, Ex. 95). By order rendered on February 15, 2005, the state trial court denied the Rule 3.800(a) motion. (Id.). Statton appealed the denial of the motion. (Dkt. 28, Ex. 96). The state district court of appeal per curiam affirmed the denial of the motion in Case No. 2D05-1056 on June 1, 2005. (Dkt. 28, Ex. 99). The mandate issued on June 27, 2005. (Dkt. 28, Ex. 100).

The instant amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was signed by Statton on May 31, 2005, and received by this Court on June 3, 2005. The petition is timely. Upon review of the record, Statton's petition must be DENIED.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district

court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell,* 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254(d). *Price v. Vincent,* 538 U.S. 634, 638-39 (2003); *Clark v. Crosby,* 335 F.3d 1303, 1308 (11th Cir. 2003). "The 'contrary to' and 'unreasonable application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions." *Putnam v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001) (citing *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000)). A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. *See Jones v. McDonough,* 2007 WL 174442 at *1 (11th Cir., Jan. 24, 2007); *Putnam,* 268 F.3d at 1241. A state court makes an "unreasonable application" of clearly established federal law

6

if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of a petitioner's case, or unreasonably extends or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. *See id.* "[A] federal habeas court may not issue the writ under the reasonable application clause simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. An "unreasonable application" is an "objectively unreasonable" application." *Putnam*, 268 F.3d at 1241.

State courts need not explain their merits rulings to qualify for deference under the AEDPA. *Jones*, 2007 WL 174442 at *2. Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002) ("[T]he statutory language [in § 2254(d)(1)] focuses on the result, not the reasoning that led to the result, and nothing in that language requires the state court adjudication that has resulted in a decision to be accompanied by an opinion that explains the state court's rationale). "All that is required under § 2254(d)(1) is an adjudication on the merits, not a full state court opinion." *Parker v. Secy for the Dep't of Corr.*, 331 F.3d 764, 776 (11th Cir. 2003). "Even a summary, unexplicated rejection of a federal claim qualifies as an adjudication entitled to deference under § 2254(d)(1)." *Herring v. Sec'y for the Dep't of Corr.*, 397 F.3d 1338, 1347 (11th Cir. 2005). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

7

Since Statton's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof.  Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Statton's claim.  *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

### Exhaustion and Procedural Default

Before this Court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  *See* § 2254(b)(1)(A), (c); *Keinz v. Crosby,* 2006 WL 408686 (11th Cir. 2006); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).  "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan,* 526 U.S. at 842; *see also Henderson,* 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot present a federal constitutional claim in federal court unless he first properly presented the claim to the state courts) (citations omitted)).  A § 2254 petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  *Pruitt v. Jones,* 348 F.3d 1355, 1358 (11th Cir. 2003) (citing 28 U.S.C. § 2254(c)).  In so doing, a state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."  *Pruitt,* 348 F.3d at 1358-59 (citing O'Sullivan, 526 U.S. at 845).

"The teeth of the exhaustion requirement comes from its handmaiden, the

procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Pursuant to this doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Id.* (citing O'Sullivan, 526 U.S. at 845-6). Under the first exception, to establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *See United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show that there is at least a reasonable probability that the outcome of the proceeding would have been different. *See Henderson*, 353 F.3d at 892 (citing *Wright*, 169 F.3d at 703; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002)).

Under the second exception, a federal court may review a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice. *See Henderson*, 353 F.3d at 892 (citing *Murray*, 477 U.S. at 495-96). "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* This exception relates to a petitioner's "actual" rather than "legal" innocence. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray*, 477 U.S. at 495-96)). "To meet this standard, a petitioner must 'show that it is

more likely than not that no reasonable juror would have convicted him' of the underlying offense." *Panarites v. Crosby*, 2006 WL 196939 at *5 (M.D. Fla., Jan. 24, 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Moreover, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Johnson*, 256 F.3d at 1171 (citing *Calderon*, 523 U.S. at 559 (internal quotation omitted)).

### Standard for Ineffective Assistance of Counsel Claims

In three of the grounds for relief presented in the instant petition, Statton asserts that his right to effective assistance of counsel was violated. The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him. To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, Statton must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52 (1985). First, he must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation. *Strickland,* 466 U.S. at 687-88. This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Id.* at 689. Second, even if Statton can show that counsel performed incompetently, he must also show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Id.* at 694.

Under *Strickland*, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client

10

with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *See Wilson v. Welch*, 2005 WL 1054031 (M.D. Fla., Mar. 31, 2005) (quoting *Walker v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)).   In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).   "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002) (citing *Chandler*, 218 F.3d at 1315).   Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler,* 218 F.3d at 1314 (quoting *Strickland,* 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).   Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act."  Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler,* 218 F.3d at 1314-15.

### Discussion

**Ground One**

In Ground One of the instant petition, Statton presents an ineffective assistance of

counsel claim containing seventeen sub-claims.   Specifically, he contends that his trial

attorney[9] rendered ineffective assistance in the following ways:

1.   Counsel failed to inform the state trial court that he was burdened by an actual conflict of interest;

2.   Counsel failed to move to suppress evidence that was the product of an unreasonable search and seizure;

3.   Counsel failed to move to dismiss the double jeopardy charges of exploitation of the elderly and grand theft based on the same taking in Case No. 95-21142 and advised Statton to plead guilty in violation of the Fifth Amendment of the United States Constitution;

4.   Counsel failed to advise Statton of an available defense in Case Nos. 97-11414 and 97-20934;

5.   Counsel failed to preserve Statton's right to appeal pre-trial violations of his constitutional rights by advising him to plead guilty rather than no-contest and preserving his appellate rights;

6.   Counsel failed to move to dismiss the 25 counts in Case No. 97-11414 and the 19 counts in Case No. 97-20934 because Statton had immunity from those charges;

7.   Counsel failed to move to dismiss the 25 counts in Case No. 97-11414 pursuant to an appellate court decision that established that the contracts in question were not health insurance contracts as charged by the State;

8.   Counsel misinformed Statton that if he lost at trial, he would receive consecutive 30 year sentences when in fact he qualified for a 12 year guideline sentence;

9.   Counsel failed to move to suppress video testimony of certain victims, all of

---

[9] Statton was represented at trial and the change of plea by attorney Joseph McDermott, who was assisted by his son, attorney Frank McDermott.  It appears from Statton's petition that he raises his claims of ineffective assistance of trial counsel against attorney Joseph McDermott.

whom were deceased by the date of trial;

10. Counsel affirmatively misadvised Statton that if he pled guilty, the State would dismiss the charges that mandated that he serve eighty-five percent of the eight year sentence;

11. Counsel failed to challenge the court's jurisdiction over charges alleged to have occurred outside Pinellas County;

12. Counsel failed to investigate the defense that the alleged victims in the exploitation of the elderly charges had ever been medically diagnosed with any statutorily listed condition to the extent that they actually qualified as an elderly person, disabled adult, or lacked the capacity to consent;

13. Counsel failed to move to dismiss all the securities charges "due to lack of subject matter as the notes were loans rather than securities under Florida law";

14. Counsel failed to move to dismiss the organized fraud charge in case No. 97-20934;

15. Counsel "failed to investigate and develop a certain perjury [sic] by either key State's witness Stacy Statton (counsel's former client) or by State's witness Detective William Norton";

16. Counsel failed to investigate a violation of Florida Statute 415.1034 by the State Attorney's Office, Sheriff's Department and State witness Dr. Karl Jones while investigating the exploitation charges.

(Dkt. 5, pp. 5-9). Finally, in sub-claim 17, Statton alleges that the attorney Bartlett, who represented him at the evidentiary hearing on his motion to withdraw his plea held prior to sentencing, rendered ineffective assistance in failing to address the prejudice prong of *Strickland* as to attorney Joseph McDermott's ineffectiveness which rendered his guilty plea involuntary. (Dkt. 5, p. 9).

Statton raised each of the aforementioned claims in his Rule 3.850 motion and accompanying supplements in the state trial court. (Dkt. 28, Exs. 63-65). All of these claims were denied by the state trial court and the denial was affirmed by the state district court of appeal. (Dkt. 28, Exs. 66, 68, 73). Thus, these claims were exhausted and are

properly before the Court in the instant petition. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (Florida state remedies are exhausted after appeal to the district court of appeal from denial of a collateral attack upon a conviction). Notwithstanding, federal review of each of these claims, with the exception of sub-claims 4, 8, and 10 that bear upon the voluntariness of Statton's guilty plea, is foreclosed by entry of that plea.

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). However, the plea does not bar the collateral review of ineffective assistance of counsel claims to the extent that the alleged ineffectiveness bears upon the voluntariness of the guilty plea. *See Hill*, 474 U.S. at 53-59; *Stano V. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991) ("The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions in his counsel's advice regarding the plea.") (citation omitted).

As a threshold matter, the Court finds that Statton's guilty plea was voluntarily and intelligently made. Statton signed a written change of plea form in which he averred that he was entering his plea of his own free will and that he had not been pressured or forced to enter the guilty plea against his will.[10] (Dkt. 21, Ex. 1, Vol. 1, pp. 115-16). The state trial court judge questioned Statton as to his understanding of the form and inquired of Statton as to his understanding of the implications of pleading guilty. At the change of plea

---

[10] In the change of plea form that Statton signed, he averred in part: "I am entering this plea because I believe it is in my best interest to do so, and it is what I wish to do of my own free will. No one has pressured me or forced me to enter this plea against my will. No one has promised me anything to entice me to change my plea to 'guilty'." (Dkt. 21, Ex. 1, Vol. 1, p. 115).

hearing, the colloquy proceeded as follows:

| | |
|---|---|
| THE COURT: | Mr. Statton, if you wish to proceed with your change of plea, have you had an opportunity to read that plea form? |
| THE DEFENDANT: | Yes, sir, I have. |
| THE COURT: | All right.  Will you sign that plea form, please. |
| THE COURT: | All right.  Mr. Statton with the exception of those counts that have just been read out by the State Attorney, are you pleading guilty to all the remaining counts? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand what a plea of guilty means, Mr. Statton? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | That you are admitting the offenses? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand your right to proceed to trial? |
| THE DEFENDANT: | Yes, I do. |
| THE COURT: | Do you understand that if you continue with your plea of not guilty then we would conduct a trial as we have started today? |
| THE DEFENDANT: | I understand, sir. |
| THE COURT: | Mr. Statton, do you understand that you are giving up your right to that jury trial by this plea? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | There will be no jury trial at all. |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | This is in lieu of a trial? |

THE DEFENDANT:        Yes, sir.

THE COURT:            Mr. Statton did you understand the minimum and maximum sentences that can be imposed on these cases?

THE DEFENDANT:        As far as what we have just agreed to, sir?

THE COURT:            Yes, sir.

THE DEFENDANT:        Yes, sir.

MR. MCDERMOTT:        Judge, we have explained to him that the first degree felonies are 30 years, the second degree felonies are 15, and the third degree are [sic] 5. Also, we have gone over the guidelines with him.

THE COURT:            All right. Do you understand the nature of the offenses that are being charged in these informations, Mr. Statton?

THE DEFENDANT:        Yes, sir, I do.

THE COURT:            And do you understand that – or has anyone made any representations to you about any type of early release or credit for time served or anything else?

THE DEFENDANT:        No, sir.

THE COURT:            Mr. Statton are you satisfied with the legal services that you have received to date?

THE DEFENDANT:        Yes, sir.

THE COURT:            Do you have any questions of your attorney at this time?

THE DEFENDANT:        No, sir.

THE COURT:            Do you understand, Mr. Statton, that you are entitled to a pre-sentence investigation and you are waiving that particular right; there will be no pre-sentence investigation conducted?

THE DEFENDANT:        Yes.

| | |
|---|---|
| THE COURT: | And in this plea form you represent to me that you are a citizen of the United States; is that correct? |
| THE DEFENDANT: | Yes, sir, I am. |
| THE COURT: | You have had 12 years of formal education; is that correct? |
| THE DEFENDANT: | Yes, sir, and one and a half years of college. |
| THE COURT: | So I can see you read, write and understand English. |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Are you under the influence of any alcoholic beverages, narcotic drugs, or any other medication at this time? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Mr. Statton, I'm going to accept your plea and find it freely, knowingly, and voluntarily entered. I'm going to find it is entered with the advice of very competent counsel. |
| | Accordingly, sir, at this time I'm going to dismiss in case number 95-21142, counts two and four; in case number 96-08433, count two; in case number 96-8430, counts two and four; and in case 96-2326, I'm going to dismiss counts two, four, and six as being duplicitous. |
| | Accordingly, I'm going to find you guilty and adjudicate you guilty. |
| | Is there any reason why Mr. Statton should not be sentenced at this time? |
| MR. MCDERMOTT: | Yes, Judge. There has been a little change in the bond situation. Mr. Estes's[11] son is here. They have indicated they will continue on the bond. Mr. Statton's daughter is going to put up some additional security that would permit him to remain out of custody for two |

---

[11] Albert A. Estes, Jr., was an agent for Estes Bail Bonds, the bonding company for Statton's surety bond. (Dkt. 21, Ex. 1, Vol. 12, p. 11).

weeks.

And, also, we had discussed imposition of the sentencing [sic]. The first degree felonies and second degree felonies could would [sic] carry eight years concurrent and the third degree felonies would carry five years concurrent with the eight years.

And also a restitution figure has been capped. I think it's on the plea form of nine hundred some thousand dollars. The actual figure will be less than that.

We will waive Mr. Statton's presence at the restitution hearing. We feel we can probably agree to that. And the State has requested a hearing fairly rapidly on the restitution.

THE COURT:              All right. With reference to the factual basis for the plea, is there any objection to relying on the opening statements that I have heard and are contained on the record, relying on that?[12]

MR. MCDERMOTT:          That's perfectly fine, judge.

THE COURT:              Then I'll find that based upon the opening statements made to the jury that there is a factual basis for the acceptance of the plea.

                                         . . .

MR. MARTIN:[13]          Judge, if you can make one other inquiry so we all have an understanding on the record. With Mr. Statton being adjudicated guilty and realizing that he is still on bond, if he does not show, I would like some discussion between the court and Mr. Statton that he cannot withdraw his plea, that the negotiated plea is withdrawn and he may be sentenced to the maximum penalty afforded by law.

THE COURT:              Is that the understanding of the parties?

---

[12] Statton opted to change his plea after the State presented its opening statements at the beginning of trial.

[13] The State was represented at trial by Assistant State Attorney Glenn Martin.

18

MR. MCDERMOTT:        Yes, sir.

THE COURT:        All right.  Mr. Statton is it your understanding, sir, that you are pleading and there is some agreement between you and the State Attorneys Office that will be imposed on you at the time of the sentencing conditioned upon you appearing timely to that sentencing.  Do you understand that?

THE DEFENDANT:        Yes, sir, I do.

THE COURT:        And, sir, do you understand that if you do not appear timely for that sentencing that the agreement will no longer be binding on the State, and that the Court can sentence you to a term of up to 30 years on each and every first degree felony, 15 years on each and every second degree felony, and 5 years on each and every third degree felony?

THE DEFENDANT:        Yes, sir, I do.

THE COURT:        That's several lifetimes, I expect, when you total that up.

MR. MARTIN:        Judge, the other thing is that while out on this two week period or whatever it is going to be, if there is any crime that is committed during that period, again, he cannot withdraw his plea here, but the plea agreement is off.

THE COURT:        Mr. Statton, you would of course, be entitled to an evidentiary hearing as to whether or not a crime was committed, but another condition of the agreement with the State Attorneys Office is that should you commit any type of substantive crime while you are out on release pending sentencing, that they would withdraw the – or the offer would be in fact withdrawn, and you would be subject to being sentenced to the maximum penalty of law?

THE DEFENDANT:        Yes, sir, I do.

THE COURT:        And the legislature has recently amended our bond statute.  And as of July one, if you do commit another crime or there is probable cause to believe that you committed another crime while you are out on bond we will revoke the bond in this case.  All right.

(Dkt. 21, Ex. 1, Vol. 12, pp. 5-10, 12-14). The plea colloquy and Statton's signature on the change of plea form demonstrates the knowing and voluntary nature of Statton's plea.

By entering a voluntary guilty plea, a defendant relinquishes the right to a jury trial, to assistance of counsel, to raise a defense, and to confront his accusers. *See Jennings v. Crosby*, 2006 WL 2425522 at *7(M.D. Fla., Aug. 21, 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *United States v. Broce*, 488 U.S. 563, 573 (1989)). The allegations presented in sub-claims 1-3, 5-7, 9 and 11-16 of Ground One present instances of ineffective assistance rendered prior to entry of the guilty plea. The underlying factual basis for each of these claims is premised on events alleged to have occurred prior to entry of the plea rather than contemporaneously with it. Thus, Statton's knowing and voluntary guilty plea waived his antecedent non-jurisdictional claims including his pre-plea claims of ineffective assistance of counsel because the claims do not implicate the validity of the plea. *See Jennings*, 2006 WL 2425522 at *7 (citing *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)); *Wilson*, 962 F.2d at 997 (pre-plea claim of ineffective assistance of counsel waived). Accordingly, relief on sub-claims 1-3, 5-7, 9 and 11-16 presented in Ground One will be denied.

Sub-claims 4, 8 and 10 presented in Ground One relate to counsel's advice as to a possible defense in Case No. 97-11414 and 97-20934, possible sentences and dismissal of certain charges and can be considered to have borne upon the voluntary and intelligent nature of Statton's plea. Statton presented these claims in his Rule 3.850 motion and attendant supplements. The state trial court denied these claims in its written order rendered on August 9, 2001. Specifically, the state trial court, in applying the *Strickland* standard to these ineffective assistance of counsel claims, held in relevant part as follows:

20

### Findings & Conclusions

. . .

To raise a successful ineffective assistance of counsel claim, Defendant must show two elements. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

In such cases, in which Defendant entered a plea, "Defendant must show that there was a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (extending Strickland test to pleas of guilty and nolo contendere).

. . .

### Claim Four - Ineffective Assistance of Counsel

At page 8 of his Motion, Defendant asserts that counsel failed to inform him that reliance on counsel's advice is a defense to the specific intent crimes in CRC97-20934CFANO, namely the racketeering, organized scheme to defraud, and unlawful financial transactions.

Mistaken advice of counsel can be a valid defense to specific intent crimes. See Huff v. State, 646 So.2d 742 (Fla. 2d DCA 1994); see also State v. Franchi, 746 So.2d 1126 (Fla. 4th DCA 1999). However, this claim is conclusory. Defendant does not state the nature of counsel's misadvice that he relied on in deciding to enter a plea; nor does he state the name of counsel whose advice he relied on and how he was prejudiced by it. Such vague allegations, that do not provide sufficient facts, do not support a claim of ineffective assistance. See Nolan v. State, 794 So.2d 639 (Fla. 2d DCA 2001).

It is noted that at the hearing on the motion to withdraw plea, trial counsel testified that he formulated, in conjunction with his attorney-son, and reviewed with Defendant the defenses to the charged crimes that he planned to present at trial. See Exhibit B at pp. 132-133. Trial counsel's son testified that their trial strategy on the organized scheme to defraud (and a broad defense to all the other charges) was to present the misadvice of counsel defense based on Defendant's corporate lawyer's advice to Defendant concerning business matters, and not Joseph McDermott's advice. See Exhibit B at pp. 178-182. It is noted that counsel at the motion to withdraw plea hearing testified that he never provided Defendant with legal advice concerning Defendant's business and that Defendant's corporate counsel never approached him for such advice. See Exhibit B at p. 171. This claim is

denied.

. . .

## Claim Eight - Ineffective Assistance of Counsel/Involuntary Plea

At page 11 and the top of page 25 of his Motion, Defendant contends that counsel coerced him into entering a plea. He states that counsel told him that there was no defense to the charges, that he would lose at trial, that if he entered a plea he would receive a guidelines sentences [sic], but otherwise he would be sentenced to consecutive thirty year prison terms.

This same issue was raised in his motion to withdraw plea and addressed at a hearing on the motion. *See Exhibit A & B.* At the hearing, Defendant testified that he was coerced into pleading because his attorney told him he did not have a defense, that he would lose at trial, and that otherwise he would get 30 years and spend the rest of his life in prison and his counsel argued such in his closing. *See Exhibit B at pp. 55; 64-67; 255-58.* The Court stated that Defendant's representation at the hearing that he never wanted to enter a plea was "disingenuous" in that Defendant hired a law firm solely for the purpose of negotiating a plea agreement, and after weighing the credibility of the parties, denied the motion. *See Exhibit B at pp. 266-67.* This claim is denied.

. . .

## Claim Ten - Ineffective Assistance of Counsel/Involuntary Plea

At page 13 of his Motion, Defendant contends that his counsel at the change of plea misadvised him that he would only have to pay restitution to the victims if he acquired a lot of money; and that since the State agreed to dismiss some counts to permit Defendant to be eligible for gain time based under [sic] the 65% rule.

Defendant has not demonstrated that counsel's advice regarding restitution was erroneous. As Defendant states, restitution was entered as a lien, and not as a condition of probation. *See Exhibit B at p. 202.* As to the gain time rate issue, Defendant at page 13 of his Motion states that he only discovered upon entering the Department of Corrections that he was not going to acquire gain time in all the counts under the 65% rule, but would be subject in some counts to the 85% rule. The record indicates that at the time of the pleas, Defendant knew he would not qualify for gain time exclusively under the 65% rule. Counsel testified at the hearing on his motion to withdraw plea that although he approached the State with the offer regarding dropping some of the older counts to bypass the 85% rule, the State refused. *See Exhibit B at pp. 200-203.* Counsel testified that he "instructed [Defendant] just that." *See Exhibit B at p. 201 (lines 7-100).* This claim is denied.

(Dkt. 28, Ex. 66, pp. 4, 6-7) (emphasis in original). Thus, to establish that he is entitled to federal habeas relief on these claims, Statton must show that the state trial court incorrectly applied the *Strickland* standard in reaching its determination that these claims lack merit. He has not made this showing.

The record supports the state trial court's findings and Statton has not demonstrated that the state trial court's application of the *Strickland* standard was erroneous. Just as in his Rule 3.850 motion, Statton has not made any showing that counsel's failure to do any of the actions Statton contends he should have done prejudiced him in any way such that he would not have pled guilty and would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59. "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). In the absence of an allegation of prejudice, a claim of ineffective assistance of counsel cannot succeed because it does not satisfy the requirements of *Strickland*. Statton has failed to establish that the state trial court's denial of these claims of ineffective assistance of counsel was contrary to or an unreasonable application of the *Strickland* standard or resulted in a decision that is based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Thus, relief on these claims presented in Ground One of the instant petition will be denied.

Finally, as to sub-claim 17, that attorney Bartlett rendered ineffective assistance in failing to address the prejudice prong of *Strickland* as to attorney Joseph McDermott's ineffectiveness at the hearing on Statton's motion to withdraw plea, this claim lacks merit. Statton presented this claim in his Rule 3.850 motion. In the order denying that motion, the

state trial court held as follows with respect to this claim:

### Claim Sixteen - Ineffective Assistance of Counsel/Involuntary Plea

At the top of page 19 of his Motion, Defendant contends that his counsel appointed specifically for the motion to withdraw plea hearing (and subsequent sentencing) failed to address the prejudice issue. First, Defendant confuses the standard in a motion filed pursuant to Rule 3.850 and Fla. R. Crim. P. 3.170(f). Pursuant to Rule 3.170(f), Defendant must show good cause exist [sic] to allow him to withdraw his pleas, not that there is a reasonable probability that he would not have pled, but insisted on going to trial. See Taylor v. State, 870 So.2d 72 (Fla. 2d DCA 2003). Nonetheless, his claim is conclusory. Defendant has not asserted any argument that counsel should have provided to the trial court, but did not, or any testimony that he should have included, but did not. This claim is denied.

(Dkt. 28, Ex. 66, p. 9) (emphasis in original). The record supports the state trial court's findings and Statton has not demonstrated that the state trial court's application of the *Strickland* standard was erroneous. In the instant petition, just as in the Rule 3.850 motion, Statton does not provide any indication as to what argument he believes Bartlett should have raised at the motion hearing but failed to present to the state trial court. Moreover, a review of the transcript of the hearing on the amended motion to withdraw plea clearly shows that Bartlett thoroughly pursued the argument that attorney McDermott rendered ineffective assistance. (Dkt. 21, Ex. 1, Vol. 17, pp. 2214-2239). Statton has not pointed to any facts or evidence to demonstrate that, had Bartlett raised some unspecified argument as Statton claims he should have, that the motion to withdraw plea would have been granted. Thus, he cannot demonstrate prejudice as required by *Strickland* with respect to this claim and relief will be denied.

### Ground Two

Statton alleges that his plea was unknowing and involuntarily entered in violation of his due process rights. He contends that he was "unrepresented in the plea process with

effective assistance of counsel due to counsel's actual conflict of interest." Statton asserts

that "[c]ounsel pressured and coerced the petitioner to enter the plea by overpowering his

free will with threats of a certain conviction, no available defense, angering the judge for

going to trial and a lifetime sentence, and the only option was to enter a plea 'right now.'"

Statton further asserts that he "misunderstood the consequences of the plea, believing he

would receive 25 days monthly gaintime, but upon entering the Department of Corrections

discovered he was required to serve 85% of the 8-year sentence. Had he known this he

would not have pled guilty and would have insisted on going to trial." (Dkt. 5, pp. 10-11).

In its order denying relief on Statton's Rule 3.850 motion, the state trial court held

in relevant part as follows with respect to the allegations of the existence of a conflict of

interest:

### Findings & Conclusions

In the instant Motion and Supplements, defendant seeks collateral relief from his
sentences based on twenty claims of ineffective assistance of counsel and one
claim of violation of plea agreement [sic]. In the interest of brevity, the Court re-
designates grounds one and two (various dual ineffective assistance & involuntary
plea claims based on similar facts) in his Motion, as well as his new claims in his
Amendment, as claims one through twenty and re-designates ground three as claim
twenty-one.

. . .

### Claim One - Ineffective Assistance of Counsel/Involuntary Plea

At page 3 of his Motion, Defendant contends that counsel had a conflict of interest
in representing Defendant at the criminal trial since he represented both Defendant
and his wife at a civil proceeding against the Department of Insurance. Defendant
states that the dual representation hindered counsel's ability to cross-examine his
wife at trial because he possessed knowledge exculpatory to Defendant but
protected under the client-attorney privilege. He also posits that counsel could have
been a witness in the criminal proceedings and counsel's conflict due to his
nonpayment of fees earned during the civil suit.

A motion filed pursuant to Fla. R. Crim. P. 3.850 cannot be used to re-litigate an

issue previously raised at trial or in a prior collateral relief motion that has been decided on the merits. See Aroche v. State, 740 So.2d 80 (Fla. 3d DCA 1999). Defendant previously raised in his motion to withdraw plea pursuant to Fla. R. Crim. P. 3.170(f) this identical issue that conflicts of interest prevented counsel from rendering effective assistance. See Exhibit A: Amended Motion to Withdraw Plea (see specifically paragraphs 12-14). Specifically, the Court held a hearing and after weighing the testimony rejected Defendant's argument that counsel himself should have been a witness at trial. See Exhibit B: Excerpt of Transcript of Motion to Withdraw Plea Hearing, pp. 249-255; 266-269. Further, ss [sic] Defendant does not state the contents of the privileged information that counsel possessed and fails to explain how this material exculpated him, this allegation is conclusory. Finally, counsel's testimony at the hearing contradicts Defendant's claim that counsel did not receive payment for services rendered in the civil case; counsel testified that Defendant did pay. See Exhibit B at p. 172. This claim is denied.

(Dkt. 28, Ex. 66, pp. 2-3) (emphasis in original). The remaining facts Statton relies upon

to support the claim presented in Ground Two of the instant petition relating to the 85% rule

and gaintime were addressed by the state trial court as Claim Eight in its order denying the

Rule 3.850 motion. See discussion of Ground One, sub-claim 8, supra, pp. 20-21. To the

extent this claim presented in Ground Two of the instant petition can be construed as one

of ineffective assistance of counsel, Statton's allegations are no more than a recapitulation

of the allegations presented in sub-claims 1 and 10 of Ground One of the instant petition.

As explained in the Court's discussion of Ground One, supra, the allegations do not present

any basis for federal habeas relief.

To the extent Statton attempts to present the allegations asserted in Ground Two

as a substantive due process claim related to the voluntariness of his plea, the claim is

meritless. Statton does not provide any factual support for this claim in either his § 2254

petition or his reply to Respondent's response. He does not explain in Ground Two how

he was threatened or coerced by counsel, what actions counsel took to improperly induce

him to plead guilty, how counsel "angered" the state trial court judge, or what

circumstances made it so that his only option was to "enter a plea 'right now'" as alleged in the instant petition.

Moreover, the record belies Statton's contentions.  Statton signed a written change of plea form.  He stated to the court at the change of plea hearing that he had had an opportunity to read the form.  This form stated that Statton may not be eligible for awards of gain time while in prison, that he wished to plead guilty of his own free will, that no one had pressured or forced him to enter the guilty plea, and that he had not been promised anything (aside from an understanding as to the agreed upon sentence and restitution) to entice him to change his plea.  (Dkt. 21, Ex. 1, Vol. 1, pp. 115-16).  The plea form further stated that Statton had read every word of the written plea form, that he had discussed the contents of the form with counsel, that he understood the form fully, and that counsel had answered any questions he had, that he was satisfied with his lawyers' advice and help concerning his decision to change his plea and in all matters pertaining to his cases.  (Id.).

At the plea hearing, the state court trial judge specifically questioned Statton about his understanding of the nature of the offenses charged in the Informations and that he was admitting the offenses; his understanding that he was giving up his right to a jury trial; the minimum and maximum sentences that could be imposed; whether anyone had made any representations to him about any type of early release or credit for time served;  whether he was satisfied with the legal services he had received; his understanding of his waiver of his right to a pretrial investigation; the extent of his education; his ability to read, write and understand English; and whether he was under the influence of any alcohol, drugs or medication.  The state trial court found Statton's plea to be made freely, knowingly and voluntarily with the advice of "very competent counsel."  (Dkt. 21, Ex. 1, Vol. 12).  Statton

27

has not presented any evidence to the contrary, nor has he presented sufficient facts to demonstrate that his plea was involuntarily entered. Therefore, relief with respect to this claim will be denied.

**Grounds Three and Four**

In Ground Three of the instant petition, Statton alleges that the State breached the plea agreement. Specifically, he alleges that a negotiated condition of the plea was that if he did not violate any laws and appeared for all court proceedings, he would have remained free on bond until the date of sentencing. Statton contends that on July 27, 2000, the State moved to remand him to custody because he moved to withdraw his plea prior to sentencing. The state trial court granted the motion and Statton remained in custody prior to sentencing on April 11, 2001. In Ground Four, Statton contends that the state trial court's denial of his motion to withdraw plea was an abuse of discretion. He alleges that his guilty plea was premised on his attorney's erroneous advice that he had no defense to any of the charges against him and that a then-recent decision of the state appellate court established that he was not guilty of the twenty-five charges presented in Case No. 97-11414, thus rendering his plea involuntary. The state trial court's decision to the contrary, that the plea was not involuntarily made, therefore amounted to an abuse of its discretion.

As a threshold matter, Statton does not allege a violation of any constitutional right or federal law as a result of the alleged breach of the plea agreement by the State or the state trial court's denial of his motion to withdraw plea. Federal habeas relief for a person in custody pursuant to the judgment of a state court is available only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). The allegations presented in Grounds Three and Four involve issues of

28

state law. These allegations challenging the state court's authority and its decision on Statton's motion to withdraw plea do not rise to the level of federal constitutional violations. *See James v. Gladish*, 2005 WL 2548453 at \*5 (M.D. Fla., Oct. 12, 2005). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") *Alicea v. McDonough*, 2006 WL 3263460 at \*1 (M.D. Fla., Nov. 9, 2006) (finding petitioner's claim challenging the denial of his motion to withdraw his *nolo contendere* plea involved matters of state law only) (citations omitted)). The Eleventh Circuit has stated that a federal writ of habeas corpus is only available in cases of federal constitutional error. *See id.* (citing *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990)). Because these claims are not cognizable in a § 2254 petition, they must be denied.

To the extent either of these claims can be construed to allege a federal due process violation, Statton would still not be entitled to relief. The limitation on federal habeas review to claims of federal constitutional error applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976).[14] In the instant case, even if Statton had presented these claims in terms of due process, the underlying substance of the claims

---

[14] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

alleges errors of state law by the state court. Thus, the claims would not be cognizable in a § 2254 petition.

Notwithstanding, even assuming *arguendo* that Statton had presented these claims in federal constitutional terms in the instant petition, he could not prevail as these claims would not be exhausted for purposes of federal habeas review. Statton states in his amended § 2254 petition that he raised each of the claims in his Rule 3.850 motion for post-conviction relief in state trial court. However, a review of that motion and its supplements shows that, while he did raise the claim presented in Ground Three relating to the breach of the plea agreement in his Rule 3.850 motion, he did not present any federal dimension of the claim to the state trial court.[15] As to the claim raised in Ground Four of the instant petition, the Court cannot find, contrary to Statton's assertion, that he presented this claim to the state trial court in his Rule 3.850 motion or supplements thereto.

---

[15] This claim, presented as Ground Three in the Rule 3.850 motion, reads as follows:

The State Breached the Plea Agreement

Supporting Facts:

The Defendant insisted that a condition of the plea agreement be that he remain free on his existing bond until sentencing, and both the State and the trial court agreed. The Defendant's bondsman was then contacted and appeared before the court and agreed to remain on the Defendant's bond until sentencing at an unscheduled future date.

On July 27, 2000, the Defendant appeared for sentencing before the Honorable Lauren Laughlin substituting for the trial judge who was out of town.

Due to the Defendant's then-pending pro se motion to withdraw his guilty plea, sentencing was delayed and despite the bondsman's offer to continue on the bond until sentencing, the State encouraged the court to remand the Defendant to custody at that time and prior to sentencing, which the court then did, in breach of the plea agreement.

In his consideration of and in deciding to enter a guilty plea, the Defendant relied on this negotiated term of the agreement and without which he would not have entered a guilty plea but would have gone to trial.

(Dkt. 28, Ex. 63, p. 26).

Issues presented in a federal habeas corpus petition must have been fairly presented to the state courts and exhausted prior to presentation in a § 2254 petition. *See* 28 U.S.C. § 2254(b)(1); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). To exhaust a claim sufficiently, a petitioner must have presented the state court with the particular legal basis for relief in addition to the facts supporting it. *See Diaz*, 2006 WL 3469522 at *1 (citing *Kelley v. Sec'y for Dep't of Corrs.*, 377 F.3d 1317 (11th Cir. 2004) (internal citations omitted)). A petitioner must present his claims to the state courts such that they have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *See Kelley*, 377 F.3d at 1344 (citing *Picard v. Connor*, 404 U.S. 270 (1971)). Thus, the prohibition against raising non-exhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific factual contentions that might support relief. *Id.*

In the instant case, Statton did not present the claims raised in Grounds Three and Four to the state courts in a federal context either in his appeal of the denial of his motion to withdraw his plea or in his Rule 3.850 motion. Thus, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See Bucklon v. Crosby*, 2006 WL 2990449 at *3 (M.D. Fla., Oct. 19, 2006); *O'Sullivan*, 526 U.S. at 845. A § 2254 petition cannot be granted unless a petitioner has exhausted his available state court remedies. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its

31

prisoners' federal rights.'"). Statton's state law arguments do not suffice to meet the exhaustion requirement. *See Bucklon*, 2006 WL 2990449 at *3 (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim on a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Thus, these claims are not exhausted for purposes of federal habeas review.

However, were Statton to now attempt to re-raise these claims in state court on federal grounds, the claims would be procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722 (1991). Portions of a petitioner's claims that are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "An issue that was not properly presented to the state court which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review." *Cobbs v. McDonough*, 2006 WL 2092381 at *8 (M.D. Fla., July 26, 2006) (citing *O'Sullivan*, 526 U.S. at 839-40, 848). Because Statton failed to present a federal constitutional claim regarding each of the issues raised in Grounds Three and Four of the instant petition in his Rule 3.850 motion, he cannot now return to state court to pursue these claims, as a second Rule 3.850 motion would be subject to dismissal as an untimely and successive petition. *See Taylor*, 2007 WL 189389 at *13; Fla. R. Crim. P. 3.850(b), (g). Thus, this Court cannot consider Statton's claims unless he can make a showing that the cause and prejudice or the fundamental

miscarriage of justice exception is applicable. *See Jones*, 256 F.3d at 1138; *O'Sullivan*, 526 U.S. at 845-6.

Statton does not present any argument to demonstrate cause or prejudice that would excuse his default. Moreover, he has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Because Statton fails to proffer "specific facts which support a finding that one of the exceptions to the procedural default rule exists," it would be improper for this Court to discuss the merits of these claims. *See Crumbley*, 2007 WL 781768 at *9 (citing *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996)); *Surrency v. Hadi*, 2006 WL 3469534 at *6 (M.D. Fla., Nov. 30, 2006) (citing *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir.1995)).

**Grounds Five and Six**

In the final two grounds of the instant petition, Statton raises claims of ineffective assistance of appellate counsel.[16] In Ground Five, he contends that his appellate counsel failed to argue that the Information in Case No. 97-20934 was facially defective and failed to charge a crime under Florida law. In Ground Six, Statton alleges that his appellate counsel failed to argue that: (1) in Case No. 97-14414, Statton was charged with twenty-five counts of transacting insurance without a certificate of authority where only one such certificate was required, and (2) in Case No. 95-21142, the exploitation of the elderly and grand theft charges were based on the same transactions, in violation of the prohibition against double jeopardy.

---

[16] Statton was represented on appeal from the denial of his amended motion to withdraw plea by Special Assistant Public Defender Celene Humphries ("Humphries").

Statton presented the claim raised in Ground Five of the instant petition in his state habeas petition filed on November 20, 2003. (Dkt. 28, Ex. 53). The state district court of appeal denied the petition without discussion on August 9, 2004. (Dkt. 28, Ex. 62). He presented the claim raised on Ground Six of the instant petition in his subsequent state habeas petition filed on August 19, 2004. (Dkt. 28, Ex. 76). The state district court of appeal denied the petition without discussion on November 4, 2004. (Dkt. 28, Ex. 83).

The *Strickland* standard of review applies to ineffective assistance of appellate counsel claims. *See Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992). In *Jones v. Barnes*, 463 U.S. 745 (1983), the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. To the contrary, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52. The exercise of judgment involved on framing an appeal makes it "difficult to demonstrate that [appellate] counsel was incompetent" under *Strickland* for omitting a particular argument. *See Mathieson v. United States*, 2006 WL 1678066 at *14 (M.D. Fla., June 12, 2006) (citing *Smith v. Robbins*, 528 U.S. 259, 286-86 (2000) (internal citation omitted)). To establish that appellate counsel was ineffective, a habeas petitioner must establish that appellate counsel performed deficiently and that the deficient performance resulted in prejudice. *See Pickard v. Thompson*, 2005 WL 1522585 at *4 (M.D. Ga., June 24, 2005). To demonstrate prejudice, Statton must establish a reasonable probability that, but for counsel's failure to present the issues he now contends should have been raised on appeal of the denial of his

amended motion to withdraw plea, he would have prevailed on those issues on appeal. *See Robbins*, 528 U.S. at 285-86; *Heath*, 941 F.2d at 1132.

Statton was represented on his amended motion to withdraw plea and at the hearing on that motion by attorney Bartlett. Following the hearing, Bartlett moved to withdraw from the case. (Dkt. 21, Ex. 1, Vol. 1, p. 161). The motion was granted and attorney Humphries of the Public Defender's Office was appointed to represent Statton on appeal of the denial of the amended motion to withdraw plea. (Dkt. 28, Ex. 7). As to Ground Five, a review of record shows that the underlying claim was not raised by Bartlett in Statton's amended motion to withdraw plea, nor was it raised at the hearing on that motion. (Dkt. 21, Ex. 1, Vol. 1, pp. 155-58; Vol. 15-17). Thus, the issue was not preserved for appeal. As such, Humphries cannot be deemed ineffective for failing to raise this issue on appeal of the denial of the amended motion to withdraw. *See Serrano v. Crosby*, 2006 WL 148990 at *5 (M.D. Fla., Jan. 19, 2006) (citing *Chandler v. Dugger*, 634 So.2d 1066, 1068 (Fla. 1994) (internal citation omitted); *Suarez v. Dugger*, 527 So.2d 190 (Fla. 1988)). Consequently, Statton cannot establish that Humphries's performance was deficient as required by the first prong of *Strickland* and he is not entitled to relief on this basis. *See Nebel v. Sec'y, Dep't of Corr.*, 2006 WL 709330 at *11 (M.D. Fla., Mar. 20, 2006) ("Since appellate counsel cannot be deemed ineffective for failing to raise an issue which was not preserved at trial for appellate review ... Petitioner cannot demonstrate the first prong of *Strickland*." (internal citation omitted)).

In his response, Respondent asserts that Ground Six of the instant petition is procedurally barred because Statton raised this ground in an "impermissibly successive

state habeas petition," and did not show justification for his failure to raise such in his prior petition presented to the state district court of appeal. Respondent further contends that the State asserted the procedural bar in its response to Statton's state habeas petition and that the silent denial by the state court rests upon the independent and adequate procedural ground raised by the State.

A review of the record shows that Statton did not present the claims raised in Ground Six of the instant petition in his state habeas petition filed on November 20, 2003. (Dkt. 28, Ex. 53). Rather, he presented the claim in his subsequent state habeas petition signed on August 19, 2004, in Case No. 2D04-3885. (Dkt. 28, Ex. 76). In response to the petition, the State asserted in relevant part, as follows:

1. On October 7, 2004, this Court ordered Respondent to serve a response within 20 days to Petitioner's Petition for Writ of Habeas Corpus alleging ineffective assistance of appellate counsel, filed on or about August 30, 2004.

2. However, Court records show that Petitioner filed a Petition for Writ of Habeas Corpus alleging Ineffective Assistance of Counsel on November 25, 2003, involving the same trial court case numbers and appeal in appellate Case Number 2D03-5366. An Order to Show Cause the State [sic] was filed on January 29, 2004. Due to the numerous cases involved and the many claims raised, the State sought extensions of time in which to file its response. This Honorable Court granted such requests, and on May 3, 2004, the State filed an extensive Response which included an appendix with 22 exhibits. (See Exhibit 2; State's Response to Order dated January 29, 2004 - without Exhibits). Petitioner filed a Reply brief or response on May 11, 2004. On August 9, 2004, Petitioner's Petition alleging Ineffective Assistance of Appellate Counsel was denied. (See Exhibit 1; Order denying Petitioner's Petition for Writ of Habeas Corpus).

3. In Petitioner's second Petition for Writ of Habeas Corpus Petitioner alleges that the successive claim raised in this petition "was not raised in the previous petition because the Petitioner relied on appellate counsel's opinion, in correspondence dated prior to filing the initial appellate brief, that the present

issue could not be raised on appeal because of the ruling in <u>Novaton v. State</u>, 634 So.2d 607 (Fla. 1994)." Petitioner goes on to state "appellate counsel's advice and opinion on <u>Novaton</u> was misplaced," and that as a result, counsel was ineffective.

4.  Petitioner's new claim is procedurally barred.  Florida Rule of Appellate Procedure Rule 9.141(c)(5)(C) states that: "The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure."  Fla. R. App. P. 9.141(c)(5)(C).

5.  Appellee argues that Florida Rule of Appellate Procedure Rule [sic] 9.141(c)(5)(C) operates to bar Appellant's Petition.  Therefore, Appellee respectfully submits that this Honorable Court should strike or dismiss Petitioner's Petition for Writ of Habeas Corpus with prejudice.

6.  Here, Petitioner filed a prior Habeas Petition regarding the conduct of his first appeal, and this Honorable Court denied it.  "Successive habeas corpus petitions seeking the same relief are not permitted nor can new claims be raised in a second petition when the circumstances upon which they are based were known or should have been known at the time the prior petition was filed." <u>Johnson v. Singletary</u>, 647 So.2d 106, 109 (Fla. 1994); <u>See</u> <u>Phillips v. Dugger</u>, 5115 So.2d at 227 (Fla. 1987).

7.  The fact that appellate counsel on Petitioner's first direct appeal did not raise the issue regarding double jeopardy is an issue that Petitioner could and should have known at the time he filed his first habeas petition.

(Dkt. 28, Ex. 80, pp. 1-3).  The state district court of appeal denied Statton's state habeas petition without discussion.[17]  (Dkt. 28, Ex. 83).

Statton concedes in his reply to Respondent's response that Ground Six, as

---

[17] In its order denying relief, the state district court of appeal held as follows:

Petitioner's petition alleging ineffective assistance of appellate counsel is denied.  Respondent's motion to strike or dismiss petitioner's second petition for writ of habeas corpus is denied as moot.

(Dkt. 28, Ex. 83).

presented in the August 9, 2004, state habeas petition, "was successive and rightfully procedurally barred in state court." (Dkt. 31, p. 34). Despite his concession, Statton asserts in his reply that he relies upon the decision in *Ylst v. Nunnamaker*, 501 U.S. 797 (1991) to claim that this Court can review this ground of the instant petition despite the underlying state procedural bar. In *Ylst*, the United States Supreme Court was required to determine whether unexplained decisions by a state court rested upon the merits of the claim presented or upon a procedural bar. *See Kight*, 50 F.3d at 1544 (citing *Ylst*, 501 U.S. at 802-03). The Court looked to a prior state opinion which held that Ylst's claim was procedurally barred and concluded that "respondent has [not] carried his burden of adducing strong evidence that one of the subsequent courts reached the merits of the federal claim." *See id.* (citing *Ylst*, 501 U.S. at 806).

In the instant case, Statton does no more than assert that this Court has jurisdiction over this ground of his § 2254 petition pursuant to *Ylst*. His claim is vague and conclusory at best. He does not explain how application of *Ylst* in the instant case would afford him any relief, nor does he provide any factual support in his petition or reply to demonstrate that he is entitled to relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim). Aside from his citation to *Ylst* and reference to the Informations in Case Nos. 97-11414 and 95-21142 in his underlying state criminal proceedings, Statton has not presented any factual basis to show that his being charged with 25 counts of unlawful sale of insurance or being charged with the separate offenses of exploitation of the elderly and grand theft based on the same transactions was prohibited

38

under Florida law as violative of the principle of double jeopardy as he conclusively contends. Even assuming, *arguendo*, that this were true, that these issues had been properly preserved for appeal purposes, and that appellate counsel's alleged failure to raise these issues on appeal was deficient, Statton has not shown nor has he specifically claimed that, but for this error, he would he would have prevailed on appeal. *See Robbins*, 528 U.S. at 285-86; *Heath*, 941 F.2d at 1132. In the absence of an allegation of prejudice, a claim of ineffective assistance of appellate counsel cannot succeed because it does not satisfy the requirements of *Strickland*. *See Heath*, 941 F.2d at 1130. Thus, this claim lacks merit and relief will be denied.

Accordingly, the Court orders:

That Statton's § 2254 petition is denied, with prejudice. The Clerk is directed to enter judgment against Statton and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S.

473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on ___*APRIL 24th*___, 2007.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE


Counsel of Record
Terry L. Statton